CHIRR JUSTICE DUVALL
delivered the opinion op the court:
Kellar sued out a distress warrant against Pegard, Gorin and Schlieder for the recovery of rent alleged to be due and in arrear, amounting to $145.88'. The warrant having been levied on certain property of Pegard, he executed the bond authorized by section 721 of the Civil Code, which bond, under the statute regulating the jurisdiction of the Jefferson county court, was returned to the clerk’s office of that court. Kellar, after regular notice, moved for judgment on this bond, which was resisted by Pegard on three grounds, the only one of which that had he noticed was, that he was never the tenant or undertenant of Kellar, or assignee of such tenant, and that the property levied on was never on the leased premises; that Gorin was the lessee and tenant of Kellar, and that he, Pe-gard, signed the lease, believing that he was signing it as surety only for Gorin, and that by mistake or fraud on the part of Kellar, in drawing said lease, his name w$s inserted therein as one of the lessees, instead of surety for the actual lessor, Gorin.
The court below rendered a judgment in favor of Kellar for the amount claimed in the warrant, notwithstanding the *261 special verdict of the jury sustaining this ground of defense. Prom that judgment .Pegard has appealed, insisting that although he may be held liable as the surety of Gorin in an action on the lease, his liability cannot be inforced by distress warrant under the statute. ■
Without deciding that point, we proceed to consider, briefly, a preliminary question on which the decision of this case must turn.
Chapter 6 of title 14 of the Civil Code, regulating “proceedings upon executions and distress warrants,” provides, among other things, the mode in which a claim to personal property, which has been levied on under an execution .pr distress warrant, may be asserted by “any person other than the tenant, his assignee, or under-tenant;” and it also prescribes the mode in which the tenant, his assignee or under-tenant may protect himself against an illegal distress. (Sections 721 to 726 inclusive.) Under these sections, “the tenant, his assignee or under-tenant” may, where an officer levies, or is about to levy upon property, execute a bond containing certain stipulations, and to be returned to a justice of the peace or clerk’s office, according to the amount. The party to whom the bond is executed may move the court or justice for a judgment thereon against all or any of the obligors or their representatives, having given to them five days’ notice of the motion. “The defendants may make defense upon the ground that the distress was for rent not due in whole or in part, or wras otherwise illegal; or, if the property was levied on, that it was by statute exempt from levy.” Other sections prescribe the mode of trial, form of the judgment, &c.
It will be observed that this summary remedy for contesting the legality of the distress for rent is confined exclusively to three classes of persons: the tenant, the assignee, and the under-tenant. For all others who may suffer injury by a wrongful or illegal levy of a distress for rent, the law has provided other and ample means of redress.
The appellant, by way of availing himself of this remedy, executed the bond required by the 721 st. section, thereby admitting, by necessary implication, that he was either tenant, as- *262 signee, or undertenant. For, unless he sustained one or the other of those relations to the plaintiff, he had no shadow of right to give the bond or to suspend thereby the execution of the distress warrant. Yet, upon the motion for judgment on the bond, he proceeds to make defense upon the ground that-he never was the lessee or tenant of the plaintiff, but executed the lease as the surety of the lessee and tenant, and that the lease was procured by fraud or'mistake on the part of the lessor. It is perfectly clear, we think, that this defense was properly disregarded by the court below. It was a denial of the character in virtue of which, alone, the statute, whose aid he invoked, allowed him the right to suspend or resist the execution of the distress warrant in the mode of proceeding adopted. Whether, upon the facts alleged and proved he might not have been entitled to relief in equity, is a question not before us, and, therefore, not decided.
The judgment is affirmed.