*Judgment for the defendant.*

---

Caroline G. Allen, Petitioner, *vs.* Walter H. Foss.

Washington. Opinion November 30, 1906.

*Quieting Title. Petition therefor cannot be maintained, when. R. S., chapter 66, sections 33, 34; chapter 106, sections 47, 48.*

1. Whether a devisee, before probate of will, can make petition to quiet title to real estate, under R. S., chapter 106, sections 47 and 48, and after probate, maintain the petition, *quaere.*
2. A petition to quiet a title to real estate, under R. S., chapter 106, sections 47 and 48, cannot be maintained, when it appears that the respondent, after the filing of the petition, conveyed his interest in the real estate or was adjudged a bankrupt.

On exceptions by plaintiff. Overruled.

Petition brought under the provisions of R. S., chapter 106, sections 47 and 48, to quiet title to real estate, to wit "certain undivided portions of Cross Island in the town of Cutler," Washington County.

This petition was duly filed in the Supreme Judicial Court, Washington County, and notice thereon was ordered and service thereof was made as provided by R. S., chapter 106, section 47. The defendant then duly appeared and filed his answer to the petition.

The matter was heard before the presiding Justice at the January term, 1906, of said Supreme Judicial Court. After hearing had, the presiding Justice ruled that the proceedings could not be maintained and denied the petition. To this ruling the plaintiff excepted.

All the material facts are stated in the opinion.

*C. B. & E. C. Donworth and H. H. Gray,* for plaintiff.

*William R. Pattangall,* for defendant.

SITTING: EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J. Petition to quiet title to real estate, brought under R. S., ch. 106, sects. 47 and 48. The petitioner is the residuary devisee under the will of Richard Allen, who died November 9, 1904. His will was presented for probate at the December term, 1904, of the Probate Court in Washington County. Notice was ordered on the petition returnable at the February term, 1905. The Probate Court admitted the will to probate, March 1, 1905. An appeal was taken to the Supreme Court of Probate, and at the October term 1905, of that court, the will was finally admitted to probate.

In the meantime, the pending petition was filed December 29, 1904. Notice was ordered thereon returnable at the April term, 1905, of the Supreme Judicial Court. At the January term, 1905, counsel for the respondent entered their appearance upon the docket. On March 27, 1905, the petitioner caused a certificate, setting forth the names of the parties, the date of the petition and the filing thereof, and a description of the real estate in litigation, and signed by the clerk of court, to be recorded in the registry of deeds for Washington County. Personal service of the petition was made on the respondent April 11, 1905. On the same day, but whether before or after the service of the petition does not appear, the premises were conveyed by the respondent to one McRae. On September 26, 1905, the respondent was duly adjudged a bankrupt, on petition of his creditors, and a trustee of his estate was appointed, who duly qualified. The respondent in his answer alleges that he does not claim any estate in the premises, because of the conveyance and the adjudication in bankruptcy.

Upon these facts, the court below ruled that the proceedings could not be maintained, and denied the petition. We think the ruling was right. It will be noticed that when the petition was filed, the will of Richard Allen had just been filed in the Probate Court. The required notice had not then been given, and the will had not been admitted to probate. It was not admitted until several months had elapsed, and after litigation. It is, of course, true that when the will was finally probated, the petitioner's title to the premises related back to the death of the testator. She was entitled to the rents and profits from that time. Her deed in the meantime would have conveyed the estate, subject only to the right of the executor to take and sell it to meet the necessities of administration. And it might turn out after the administration that there was no residuum, and hence that the petitioner for that reason took no title, or at best a defeasible one.

But whatever may have been her rights after final probate of the will, a different question is presented, when the petitioner, before probate, begins a proceeding of this kind against an outsider, to try titles. Her title was not contingent in law, but it was not established in fact. It required proof. It might be sustained, it might not be. While it may be that so far as prima facie title is concerned, the petitioner might have maintained a real action commenced when this petition was and tried after the will was probated, *Rand* v. *Hubbard*, 4 Met. 261, it may not necessarily follow that this petition can be maintained. The decree, if for the petitioner, must be based upon a finding " that the allegations in the petition are true," R. S., chapter 106, section 48, that is, the allegations of facts as existing at the date of the petition. And we think that it may well be doubted whether by the statute it was intended to permit one to begin proceedings to quiet title, when his own title is not established, and cannot be without further legal procedure, and perhaps litigation. It would seem hardly just to permit one to hale a supposed adversary into court, when at the time he is unable to prove his own title, and may never be able to prove it. The will may turn out to be void because of the mental incapacity of the testator, or because of the undue influence of some one, or because of

the want of essentials in execution. Nor is there need that an expectant devisee should thus seek to protect his .estate. The statute, R. S., ch. 66, sects. 33 and 34, provides for the appointment of special administrators, when there is a delay in granting letters testamentary, and such administrators may preserve and protect all the estate, both real and personal, and for that purpose may maintain suits. *Libby* v. *Cobb*, 76 Maine, 471.

But, without considering this point further, we think there is in another respect an insuperable obstacle to the maintenance of this petition. The respondent has conveyed his interests · in the estate. He has also been adjudged a bankrupt. He disclaims any existing estate. The prayer of the petitioner is that the respondent show cause why he should not bring an action to try his title. If the petition is sustained, the decree will be that he bring an appropriate action, which in this case is a real action. He will be directed to become a demandant of the premises. The suit when commenced must have all the ordinary incidents of a real action, both in pleadings and proof. The allegations and proof must be made with reference to the date of the writ. *Berry* v. *Whitaker*, 58 Maine, 422. It will not be sufficient for the ·demandant to allege and prove that he was seized at some time within twenty years, but is so seized no longer. The judgment must inevitably be for the defendant. The real cause of litigation will not be tried. Nothing will be decided except that the demandant conveyed before suit was brought. This proceeding is purely a statutory one, and the statute authorizing it does not reach a situation like this. It is casus omissus. Whether it would be wise and practicable so to amend the statute as to provide for such a case is not for the court to say.

It is urged, however, that the present proceeding is lis pendens as to the purchaser, and that he will be bound by the judgment, if suit is brought, or barred, if the order of the court is disobeyed.

But we do not think so. If the respondent should attempt to obey an order of court to bring an action, the purchaser, even assuming the common law doctrine of lis pendens to apply, would be bound by the judgment only so far as the litigated issues might be decided, which in this case would be only that the demandant had parted

with title before suit. That question would lie at the threshold of the case, and must necessarily be the only one decided. The judgment therefore would not bind the purchaser upon the question now sought to be litigated. If the present respondent had commenced a real action before he conveyed and the case had been tried upon the general issue, no doubt his grantee would have been bound by the judgment. *Berry* v. *Whitaker*, 58 Maine, 422. But even then, by proper plea and proof, the defendant might have obtained judgment on the ground that the demandant had conveyed, *Rowell* v. *Hayden*, 40 Maine, 582, and the real cause of the controversy would have remained undecided.

Now since an attempt on the part of the respondent to obey an order to try title would be entirely futile, the order itself would be nugatory, and it would seem that no one's right would be affected. It would be a strange thing indeed for a court to make an order which cannot be executed, when the only purpose for making it is to apply the doctrine of lis pendens to a third party, in case of failure to obey. We do not think the statute R. S., chap. 106, sects. 47 and 48 contemplates such a proceeding.

*Exceptions overruled.*